**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FERRARA CANDY COMPANY, | |
| *Plaintiff,* | Civil Action No. |
| v. | |
| HIGHARCHY LLC, REROOT CHICAGO LLC and CHRISTOPHER J. ACETTA, | |
| *Defendants.* | |

**COMPLAINT**

Plaintiff Ferrara Candy Company, an Illinois corporation ("Ferrara"), by and through undersigned counsel, for its Complaint against Defendants Higharchy LLC ("Higharchy"), Reroot Chicago LLC ("Reroot"), and Mr. Christopher J. Acetta ("Acetta") (collectively "Defendants"), states as follows:

**PARTIES**

1.     Plaintiff Ferrara Candy Company is an Illinois corporation, having offices at 404 West Harrison Street, Chicago, Illinois 60607.

2.     Defendant Higharchy is an Illinois limited liability company with a principal place of business at 928 S. Bell Ave., Chicago, Illinois 60612.

3.     Defendant Reroot is an Illinois limited liability company with a principal place of business at 928 S. Bell Ave., Chicago, Illinois 60612.

4.     On information and belief, Defendant Acetta is the principal of Higharchy and Reroot, with a primary address of 928 S. Bell Ave., Chicago, Illinois 60612, and uses Higharchy and Reroot as alter egos of himself.

1

## NATURE OF THE CASE

5.      This is a complaint for damages and injunctive relief against Defendants for trademark and trade dress infringement, unfair competition, unjust enrichment, and deceptive trade practices.  This complaint arises under 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"); the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510), federal common law, and state common law, including the law of Illinois.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.  Jurisdiction for the claims made under Illinois state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.      This Court has personal jurisdiction over Defendants because Defendants Higharchy and Reroot are organized in and maintain their principal place of business in the State of Illinois, and Defendant Acetta is a resident of the State of Illinois.  Defendants reside in this District and have engaged in, and continue to engage in, acts of trademark/trade dress infringement, unfair competition, and deceptive trade practices in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants all reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTS RELEVANT TO ALL COUNTS

### FERRARA'S PRODUCTS AND WELL-KNOWN TRADEMARKS AND TRADE DRESS

9.      Ferrara is a recognized global leader in confections, and, together with its affiliates, makes, distributes, markets, and sells throughout the United States numerous well-known candy products, including under the NERDS brand.

10.      The NERDS brand has achieved enormous commercial success as reflected by the extensive sales of products under the brand, which have been supported by significant marketing and promotion campaigns throughout the United States, including in Illinois.

11.      As a result of Ferrara's exclusive, continuous, and substantial use of the NERDS branding, consumers have come to associate the NERDS brand as a source identifier of Ferrara.

12.      Since the 1980s, Ferrara has manufactured, marketed, and sold NERDS candy products in different flavors and style variations under the famous NERDS mark and NERDS trade dress.  The trade dress differs slightly across the different products, but consistently features, among other things, (a) the word mark NERDS in block, slanted lettering, (b) in front of a predominantly dark blue cloud encased in a lighter bright blue cloud, (c) with character versions of the NERDS candies playing on the package, and (d) various colored circles surrounding the blue cloud (the "NERDS Trade Dress").

13.      Currently, Ferrara manufactures, markets, and sells four lines of NERDS products: NERDS candy; BIG CHEWY NERDS candy; NERDS ROPE candy; and its latest,

NERDS GUMMY CLUSTERS candy, which all incorporate the NERDS Trade Dress. Representative images of these products appear below:

 





14.     Ferrara owns, among others, the following federal trademark registrations and applications with the United States Patent and Trademark Office for marks in connection with its NERDS candies:

| MARK | REG. NO. / SER. NO. | REG. DATE / FILING DATE | RELEVANT GOODS |
|---|---|---|---|
| NERDS | 2,209,131 | December 8, 1998 | Candy in Class 30 |
|  | 4,400,174 | September 10, 2013 | Candy in Class 30 |
|  | 4,414,355 | October 8, 2013 | Candy in Class 30 |
|  | 90/200,713 | September 22, 2020 | Candy in Class 30 |
|  | 90/203,864 | September 23, 2020 | Candy in Class 30 |
|  | 90/203,710 | September 23, 2020 | Candy in Class 30 |
|  | 90/203,686 | September 23, 2020 | Candy in Class 30 |
|  | 90/203,814 | September 23, 2020 | Candy in Class 30 |

15.     The registrations above are valid, subsisting, and incontestable, and constitute conclusive evidence of Ferrara's exclusive right to use these trademarks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b).  The marks shown in these registrations and

applications, combined with the common-law rights in these marks, are hereinafter collectively referred to as the Ferrara Trademarks.

16.     Since long prior to Defendants' acts complained of herein, Ferrara has made continuous use of its Ferrara Trademarks and the NERDS Trade Dress, in connection with candy products.

**DEFENDANTS' UNAUTHORIZED DISTRIBUTION OF**
**THC-INFUSED PRODUCTS IN CONNECTION WITH THE FERRARA**
**TRADEMARKS AND NERDS TRADE DRESS**

17.     Recently, many bad actors, including the Defendants, have sought to benefit from the goodwill embodied by the Ferrara Trademarks and NERDS Trade Dress.

18.     Defendants are engaged in marketing, offering for sale, sale, and distribution of THC-infused candy products in packaging that imitates the Ferrara Trademarks and NERDS Trade Dress.

19.     Defendant Higharchy sells, promotes, distributes, or otherwise contributes to the sale, promotion, and distribution of cannabis product, including online via its website located at https://www.higharchycbd.co.

20.     Higharchy offers 300mg or 600 mg of Delta-8 THC-infused candy under the names "Bud Bites" and "Bud Clusters" that imitate the Ferrara Trademarks and NERDS Trade Dress ("Infringing Products"), as shown in the below images:







21.     Defendant Reroot manufactures the Infringing Products for Higharchy, as listed on its packaging, shown below:



22.     On information and belief, Defendant Acetta is the proprietor of Higharchy and Reroot, and uses these entities as alter egos.  Further, on information and belief, Acetta makes all significant business decisions for Reroot and Higharchy, exercising such ownership control over both companies that separate personalities of Reroot and Higharchy on one hand, and Acetta, on the other, do not exist.

23.     The unauthorized manufacture and sale of THC-infused candy products is a health hazard to the consuming public, especially children.

24.     Indeed, states across the United States have recognized the health hazard posed by cannabis products that are designed to appeal to children or that are packaged to look like popular candy or grocery items, and have enacted statutes restricting how such products may be labeled and packaged.

25.     In Illinois, for example, the Packaging and Labeling of Medical Cannabis and Cannabis-Infused Products law (410 ILCS 705/55-21) expressly prohibits the use of packaging that includes any images designed or likely to appeal to children, including cartoons or other likeliness to characters or phrases that are popularly used to advertise to children, or any packaging that bears resemblance to any product available for consumption as a commercially available candy.  For this reason, Illinois law would prohibit the sale of the Infringing Products.

26.     Defendants' use of the Ferrara Trademarks and NERDS Trade Dress have been intentional, willful, and malicious, and with the intention of deceiving consumers who recognize and trust the NERDS brand, thereby benefitting from the goodwill Ferrara has created and built up over decades in its Ferrara Trademarks and NERDS Trade Dress.

### FIRST CLAIM OF RELIEF AGAINST ALL DEFENDANTS
### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

27.     Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

28.     Defendants' use of the Ferrara Trademarks, or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, distributing, and manufacturing the Infringing Products is likely to cause confusion, mistake, or deception as to the source, sponsorship and affiliation of the Infringing Products or Defendants.

29.     Defendants' sale, offering for sale, distribution, manufacture, and advertising of the Infringing Products bearing the Ferrara Trademarks has been with knowledge of Ferrara's

exclusive rights and goodwill in the Ferrara Trademarks in a deliberate and willful attempt to cause confusion and deceive the public as to the source, sponsorship and affiliation of the Infringing Products or Defendants.

30.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law.  If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts.  Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Ferrara Trademarks, or any imitation thereof, as well as to Defendants' profits, Ferrara's reasonable attorneys' fees, and any other remedies provided by 115 U.S.C. §§ 1116 and 1117.

## SECOND CLAIM OF RELIEF AGAINST ALL DEFENDANTS
## TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

31.     Ferrara re-alleges paragraphs 1 through 13 and 16 through 26 as if fully set forth herein.

32.     The NERDS Trade Dress is entitled to protection under the Lanham Act.  For years, Ferrara has owned protectable rights in the Ferrara Trade Dress, which is inherently distinctive and not functional.  Ferrara has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, the NERDS Trade Dress has become a well-known indicator of the origin of Ferrara's products. Prior to Defendants' conduct that forms the basis for this Complaint, consumers had come to associate the distinctive "look and feel" of the packaging for the candies sold under the NERDS Trade Dress with Ferrara.

33.     Without Ferrara's consent or authorization, Defendants manufacture, promote, sell, offer to sell, and distribute the Infringing Products bearing the NERDS Trade Dress in the United States, including through Higharchy's website.  The colors, stylized wording, and elements of the packaging used with Defendants' THC-infused products bearing an imitation of the NERDS Trade Dress were intentionally designed to simulate Ferrara's packaging for its NERDS candies, providing the immediate commercial impression that the Infringing Products emanate from or are associated with Ferrara and its genuine candy products.

34.     Defendants' use of the NERDS Trade Dress as part of its packaging constitutes trade dress infringement under 15 U.S.C. § 1125, intentionally designed to deceive consumers into believing that these candies are manufactured or authorized by Ferrara, thereby causing confusion as to the source and origin of the Infringing Products.  On information and belief, Defendants' use of the NERDS Trade Dress or colorable imitations thereof, has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least in part by the similarity of its infringing products to the NERDS Trade Dress and Defendants' continuing disregard for Ferrara's rights.

35.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at  law.  If not restrained, Defendants will have unfairly derived and will continue to derive  income, profits, and business opportunities as a result of their acts.  Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress, or any imitation thereof, as well as to Defendants' profits, Ferrara's reasonable attorneys' fees, and any other remedies provided by 115 U.S.C. §§ 1116 and 1117.

**THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM**
**ACT, 15 U.S.C. § 1125(a)**

36.      Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

37.      The NERDS Trade Dress is entitled to protection under the Lanham Act.  For years, Ferrara has owned protectable rights in the Ferrara Trade Dress, which is inherently unique, distinctive and not functional.  Ferrara has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, the NERDS Trade Dress has become a well-known indicator of the origin of Ferrara's products. Prior to Defendants' conduct that forms the basis for this Complaint, consumers had come to associate the distinctive "look and feel" of the packaging for the candies sold under the NERDS Trade Dress.

38.      Without Ferrara's consent, Defendants have used the NERDS Trade Dress or imitations thereof, in commerce in connection with the sale, offering for sale, distribution, and/or advertising of candy infused with THC.  These acts are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell in that purchasers and others are likely to believe Ferrara authorizes and controls Defendants' sale of THC-infused candy products in the United States or that Defendants are associated with or related to Ferrara.

39.      Defendants' acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.      On information and belief, Defendants' sale, offering for sale, distribution and/or advertising of the Infringing Products bearing the NERDS Trade Dress in the United States have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and

13

goodwill in the NERDS Trade Dress and with bad faith intent to cause confusion and trade on Ferrara's goodwill.

41.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress, or any imitation thereof, as well as to Defendants' profits, Ferrara's reasonable attorneys' fees, and any other remedies provided by 115 U.S.C. §§ 1116 and 1117.

## FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## COMMON LAW TRADEMARK INFRINGEMENT

42.     Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

43.     Ferrara owns common law rights in the Ferrara Trademarks as shown by its use in commerce for several years. Since long prior to Defendants' acts complained of herein, Ferrara has made continuous use of its Ferrara Trademarks in connection with candy products in the United States, including throughout the State of Illinois. Through that extensive and continuous use, the Ferrara Trademarks have become well-known indicators of the origin and quality of Ferrara's NERDS candies. The Ferrara Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, the Ferrara Trademarks acquired this secondary meaning before Defendants commenced their unlawful use of the Ferrara Trademarks in connection with the Infringing Products.

44.     Without Ferrara's consent, Defendants have used the Ferrara Trademarks or imitations thereof, in commerce in connection with the sale, offering for sale, distribution, and/or

advertising of candy infused with THC. These acts are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell in that purchasers and others are likely to believe Ferrara authorizes and controls Defendants' sale of THC-infused candy products in the United States or that Defendants are associated with or related to Ferrara.

45.     Defendants' acts constitute common law trademark infringement.

46.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the Ferrara Trademarks, or any imitation thereof, as well as to Defendants' profits, punitive damages, Ferrara's reasonable attorneys' fees, and costs.

**FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**COMMON LAW TRADE DRESS INFRINGEMENT**

47.     Ferrara re-alleges paragraphs 1 through 13 and 16 through 26 as if fully set forth herein.

48.     Ferrara owns common law rights in the NERDS Trade Dress as shown by its use in commerce for several years. Since long prior to Defendants' acts complained of herein, Ferrara has made continuous use of its NERDS Trade Dress in connection with candy products in the United States, including throughout the State of Illinois. Through that extensive and continuous use, the NERDS Trade Dress has become well-known indicators of the origin and quality of Ferrara's NERDS candies. The NERDS Trade Dress has also acquired substantial

secondary meaning in the marketplace. Moreover, the NERDS Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of the NERDS Trade Dress in connection with the Infringing Products.

49.     Without Ferrara's consent, Defendants have used the NERDS Trade Dress or imitations thereof, in commerce in connection with the sale, offering for sale, distribution, and/or advertising of candy infused with THC. These acts are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell in that purchasers and others are likely to believe Ferrara authorizes and controls Defendants' sale of THC-infused candy products in the United States or that Defendants are associated with or related to Ferrara.

50.     Defendants' acts constitute common law trade dress infringement.

51.     On information and belief, Defendants' use of the NERDS Trade Dress or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the NERDS Trade Dress and Defendants' continuing disregard for Ferrara's rights.

52.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress, or any imitation thereof, as well as to Defendants' profits, punitive damages, Ferrara's reasonable attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## COMMON LAW UNFAIR COMPETITION

53.     Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

54.     Ferrara owns common law rights in the NERDS Trade Dress and Ferrara Trademarks as shown by its use in commerce for several years.  Since long prior to Defendants' acts complained of herein, Ferrara has made continuous use of its NERDS Trade Dress and Ferrara Trademarks in connection with candy products in the United States, including throughout the State of Illinois.  Through that extensive and continuous use, the NERDS Trade Dress and Ferrara Trademarks have become well-known indicators of the origin and quality of Ferrara's NERDS candies.  The NERDS Trade Dress and Ferrara Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, the NERDS Trade Dress and Ferrara Trademarks acquired this secondary meaning before Defendants commenced their unlawful use of the NERDS Trade Dress and Ferrara Trademarks in connection with the Infringing Products.

55.     Without Ferrara's consent, Defendants have appropriated for their own use the NERDS Trade Dress and Ferrara Trademarks. Defendants have used, and are continuing to use, the NERDS Trade Dress and Ferrara Trademarks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its cannabis-infused candy products.  These acts have caused or are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the Infringing Products that Defendants sell, in that purchasers and others are likely to believe Ferrara authorizes and controls Defendants' sale of certain THC-infused candy products in Illinois or that Defendants are associated with or related to Ferrara.

56.     Defendants' acts constitute common law unfair competition, at least by palming off/passing off their own Infringing Products, by simulating NERDS Trade Dress and Ferrara

17

Trademarks in an intentional and calculated manner that is likely to confuse consumer about the source of the Infringing Products.

57.     On information and belief, Defendants' use of the NERDS Trade Dress and Ferrara Trademarks, or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Infringing Products to the NERDS Trade Dress and Ferrara Trademarks, and Defendants' continuing disregard for Ferrara's rights.

58.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not restrained, Defendants will have unfairly derived and will continue to derive income, profits, and business opportunities as a result of their acts. Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress and Ferrara Trademarks, or any imitations thereof, as well as to Defendants' profits, punitive damages, Ferrara's reasonable attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## UNJUST ENRICHMENT

59.     Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

60.     Ferrara created and has built the NERDS brand, covered by the NERDS Trade Dress and Ferrara Trademarks through extensive time, labor, effort, skill, and money.

61.     The NERDS Trade Dress and Ferrara Trademarks are entitled to protection under the common law. For years, Ferrara has owned protectable rights in the NERDS Trade Dress, which is inherently unique, distinctive and not functional. Ferrara has extensively and continuously promoted and used the NERDS Trade Dress and Ferrara Trademarks in the United

States.  Through that extensive and continuous use, the NERDS Trade Dress has become a well-known indicator of the origin of Ferrara's products.

62.     Defendants' advertising, promotion, offer to sell, sales, distribution, manufacture, and/or importation of the Infringing Products constitutes unjust enrichment, at least because Defendants have wrongfully obtained benefits at Ferrara's expense.

63.     On information and belief, Defendants' unjust enrichment at Ferrara's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of its Infringing Products to the NERDS Trade Dress and Ferrara Trademarks, or colorable imitations thereof, and Defendants' continuing disregard for Ferrara's rights.

64.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at  law.  If not restrained, Defendants will have unfairly derived and will continue to derive  income, profits, and business opportunities as a result of their acts.  Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress or Ferrara Trademarks, or any imitation thereof, as well as to Defendants' profits.

## EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510)

65.     Ferrara re-alleges paragraphs 1 through 26 as if fully set forth herein.

66.     The NERDS Trade Dress and Ferrara Trademarks are entitled to protection under the common law.  For years, Ferrara has owned protectable rights in the NERDS Trade Dress, which is inherently unique, distinctive and not functional.  Ferrara has extensively and continuously promoted and used the NERDS Trade Dress and Ferrara Trademarks in the United

States.  Through that extensive and continuous use, the NERDS Trade Dress and Ferrara Trademarks have become well-known indicators of the origin of Ferrara's products.

67.     Defendants' acts, as described above, constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510).

68.     On information and belief, Defendants' use of the NERDS Trade Dress and Ferrara Trademarks, or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of its Infringing Products to the NERDS Trade Dress and Ferrara Trademarks, and Defendants' continuing disregard for Ferrara's rights.

69.     Defendants' acts greatly and irreparably damage Ferrara and will continue to so damage Ferrara unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at  law.  If not restrained, Defendants will have unfairly derived and will continue to derive  income, profits, and business opportunities as a result of their acts.  Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling any products bearing the NERDS Trade Dress or Ferrara Trademarks, or any imitation thereof, as well as to Defendants' profits, Ferrara's actual damages, enhanced profits and damages, and reasonable attorneys' fees under at least 815 ILCS § 510.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Ferrara prays that this Court:

A.     Enter judgment that Defendants have (a) infringed the NERDS Trade Dress in violation of the Lanham Act; (b) infringed the Ferrara Trademarks in violation of the Lanham Act; (c) engaged in unfair competition in violation of the Lanham Act; (d) violated Ferrara's common law rights in the Ferrara Trademarks; (e) violated Ferrara's common law rights in the

NERDS Trade Dress; (f) engaged in common law unfair competition; (g) been unjustly enriched at Ferrara's expense; (h) violated the Illinois Uniform Deceptive Trade Practices Act; and (i) that all such violations were willful and intentional, making this an exceptional case;

B.      Issue a preliminary and permanent injunction enjoining and restraining Defendants, their successors, assigns, affiliates, subsidiaries, officers, employees, agents, representatives, and all others in active concert or participation with them, from directly or indirectly engaging in (a) any further trademark infringement of the Ferrara Trademarks, or colorable imitations thereof, (b) any further trade dress infringement, unfair competition, or deceptive business practices, including making, offering for sale, distributing, or selling any products that feature the Ferrara Trademarks and/or NERDS Trade Dress or colorable imitations thereof; and (c) doing any other act calculated or likely to induce or cause confusion or the mistaken belief that Defendants or their Infringing Products are in any way affiliated, connected, or otherwise associated with Ferrara and its products;

C.      Require Defendants, and all others holding by, through, or under Defendants, be required, jointly and severally, to:

> a.  Account for and pay over to Ferrara all profits derived by Defendants from their acts of trademark infringement, trade dress infringement, unfair competition, unjust enrichment, and deceptive trade practices in accordance with 15 U.S.C. § 1117(a) and Illinois common law, and Ferrara asks that this award be trebled in accordance with 15 U.S.C. § 1117(a);
>
> b.  Pay to Ferrara the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

c. Destroy all of the THC-infused candy products bearing the Ferrara Trademarks and NERDS Trade Dress in their possession, including packaging, and any advertising, marketing, or promotional material that include references to the Ferrara Trademarks or NERDS Trade Dress;

d. Send a notice to any existing customers that the importation, dealing in, sale, marketing, or distribution of THC-infused candy products bearing the Ferrara Trademarks or NERDS Trade Dress, or any imitation thereof, is unlawful and that Defendants have been enjoined by a United States District Court from doing so; and

e. File with the Court and serve on Ferrara an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

D. Any such other and further relief as the Court deems just and equitable.

Dated:  October 27, 2021

By: s/Phillip Barengolts

PATTISHALL, McAULIFFE, NEWBURY,
 HILLIARD & GERALDSON LLP

Phillip Barengolts
Jessica A. Ekhoff
Novaira T. Paul
200 S. Wacker Dr., Ste. 2900
Chicago, IL 60606
(312) 554-8000
pb@pattishall.com
jae@pattishall.com
ntp@pattishall.com

*Attorneys for Plaintiff Ferrara Candy Co.*

24